UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON AARON LAWSON, doing business as Dogcon Auto LLC, RIKKILYNN LAWSON, a married couple; DOGCON AUTO LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RAYMOND HUISINGH, VALERIE HUISINGH, KATIE HUISINGH, DEPARTMENT OF LICENSING, a Washington State Entity, MASON COUNTY, a political subdivision, charter, municipal agency, a Washington state entity, JANE AND JOHN DOE, AGENCY PRINCIPAL, entity, political subdivision, a Washington entity; JANE AND JOHN DOE, EMPOLYERS, EMPLOYEES OF AGENCY, a Washington entity, JANE AND JOHN DOE, AGENCY PRINCIPAL, a Financial Institution, a Washington State Licensed Entity, JANE AND JOHN DOE, individual, agent, principal, yet to be discovered,<br><br>Defendants. | CASE NO. 22-5469 RJB<br><br>ORDER ON PLAINTIFFS' MOTION |

This matter comes before the Court on the Plaintiffs' August 23, 2022 pleading entitled "Emergency Restrain, Injunction **STAY OF EXECUTION OF Writ of Restitution, TRO Re: No. 21-2-00174-23 re: Real Estate 32016-23-00040**." Dkt. 19 (*emphasis in original*). This motion should be construed as a motion for a temporary restraining order ("TRO") and preliminary injunction. The Court has considered the motion and the remainder of the file herein.

On July 1, 2022, the Court reviewed the Plaintiffs' complaint and issued an order. Dkt. 6. That order provided, part:

> **Review of the Proposed Complaint.** The Court has carefully reviewed the newly filed Complaint in this matter. Because Plaintiffs filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).
>
> On June 28, 2022, Plaintiffs filed a civil complaint. Dkt. 1. The Complaint is 73-pages long and is difficult to understand. It indicates that Raymond, Valerie, and Katie Huisingh are the "architect[s] and the direct cause of the damages sustained to my business" that they conspired to "wash a knowingly void deed in order to gain title to and deprive the Claimants of their property." *Id.* at 4. The Complaint references "RICO." *Id.* It contends that the "Defendants acted with immoral and outrageous conduct with intent to deprive Claimants of their due process rights by interfering with Claimants' ability to exercise any rights against third parties." *Id.* It alleges that "[t]he Defendant then knowingly more likely than not enlisted her parents to purchase the dirty deed." *Id.* The Complaint also refers to "collusion and concerted acts," "conspiring or co-conspiring," "theft, larceny, gross enrichment," "harassment, false swearing, slander, manipulation," "conversion of property, concealing," "altering documents, . . . destruction of public records," and "exploitation, deprivation, and embezzlement of state public funds for profit. . ." and the tort of outrage. *Id.* at 4 and 6.
>
> The Complaint discusses a "Taxpayer Protection Act," and alleges that the "NWJ and HUD are at the heart of many policies . . . that have injured and will continue to injure the Claimants." *Id.* at 5. The Complaint states that where other Washington homebuyers have been injured, "it may be necessary to enjoin other[] individuals similarly injured and harmed." *Id.* The Plaintiffs claim that they have been harmed and will continue to be harmed, "without an immediate stay of proceedings." *Id*. at 6.

> The Complaint discusses the chain of title to a piece of property and litigation in Mason County, Washington Superior Court. *Id.* at 10. It maintains that the "Washington State Deed of Trust Act ("DTA")" is unconstitutional. *Id.* at 11.
>
> The Complaint recounts a history of Dogcon Auto, LLC and alleges that its application for utilities was denied and that was done "out of bias and hate." *Id.* at 12. The Complaint alleges that the Plaintiffs were harassed over the years and had to close the business in 2018. *Id.* at 12-14. It references a case in against the Washington Department of Labor which was filed in Thurston County, Washington Superior Court. *Id.*
>
> The Complaint then discusses a Notice of Foreclosure on the Plaintiffs' home and other legal proceedings. *Id.* at 14-25. The Complaint provides that the Plaintiffs "assert their right not to pay a criminal organization." *Id.* at 16. It contends that a vast array of entities have conspired against the Plaintiffs and that no Defendant has authority to "take," their property. *Id.* at 14-35. The Complaint contains a laundry list of "terms and definitions," quotes statutes, includes mission statements of various governmental entities, and other information. *Id.* at 1-73.
>
> From the proposed complaint, the Court cannot determine whether the Court has jurisdiction or the basis of the claims.

Dkt. 6. In this July 1, 2022 order the Court granted the Plaintiffs leave to file a proposed amended complaint by July 29, 2022. *Id.* The Plaintiffs sought, and were granted, extensions of time; the deadline for them to file a proposed amended complaint is currently September 6, 2022. Dkt. 18.

In their pending motion for a TRO and preliminary injunction, Plaintiffs refer to various proceedings in Mason County Superior Court. Dkt. 19. They state that "[o]n July 25 an order for Writ of Restitution was granted by the Mason County Superior Court . . . however it was stayed execution to await what the appeals court would rule. The Appeal no. 577330, was denied a notice to appeal found to be untimely." Dkt. 19 at 4. They contend that they returned to court and were told that their motion was not noted for "abatement and for injunctive relief by stay of eviction." *Id.* They state that the refiled motions in the Mason County case. *Id.* Under the heading "Relief Requested," the Plaintiffs seek a stay of the Writ of Restitution "to allow

1  time to clean pack and make alternative arrangement." *Id*.  They assert that they did not get

2  notice of the writ.  *Id.* at 5.

3  **DISCUSSION**

4  **Standards on Motion for TRO and for Preliminary Injunction**.  Pursuant to Fed. R.

5  Civ. P. 65 (b)(1):

6  > The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

7

8  > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

9

10  > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

11  Under Rule 65 (a), "the court may issue a preliminary injunction only on notice to the adverse

12  party."  Motions for preliminary injunction are noted for consideration on third Friday after the

13  motion has been filed and served. Local Rule W.D. Wash. 7 (d)(3).

14  The standard to grant either a TRO or a motion for preliminary injunction is the same.

15  *Los Angeles Unified Sch. Dist. V. United States Dist. Court,* 650 F.2d 1004, 1008 (9th Cir. 1980).

16  Plaintiffs seeking a preliminary injunction must establish one of two tests.  *All. for the Wild*

17  *Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).  The first test requires plaintiffs to show:

18  (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable

19  harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and

20  (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr*., 895 F.3d 717,

21  725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal*

22  *quotation marks omitted*)).  Under the second variant of the 9th Circuit's test for a preliminary

23  injunction, the "sliding scale" version of the *Winter* standard, "if a plaintiff can only show that

24

ORDER ON PLAINTIFFS' MOTION- 4

there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

**Decision on Motion.** Plaintiffs' motion for a TRO or preliminary injunction (Dkt. 19) should be denied without prejudice. As stated in the prior order, it is not clear that this Court has jurisdiction over this case. This Court does not operate as a court of appeals for the Mason County Superior Court.

Furthermore, to the extent this Court does have jurisdiction, it is not clear that the Plaintiffs have met the requirements for granting a TRO or preliminary injunction. They have not clearly identified which claim against which Defendant the TRO or preliminary injunction would apply to, much less that they are "likely to succeed on the merits" of that claim. They have not shown irreparable harm – they have indicated that they have sought the same relief from the Mason County Superior Court. There is no showing that the balance of equities tips in their favor or that a TRO or preliminary injunction is in the public interest. In considering the alternative test, the Plaintiffs have not shown that there are "serious questions going to the merits" of their claims or that the "balance of hardships tips sharply in their favor."

Accordingly, it is hereby **ORDERED** that:

- The Plaintiffs' motion for a TRO and preliminary injunction (Dkt. 19) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ON PLAINTIFFS' MOTION- 5

1  Dated this 23rd day of August, 2022.

   ROBERT J. BRYAN
   United States District Judge